# UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| LA VILLE IMPORTS, INC.,<br><br>Plaintiff,<br><br>v.<br><br>DONALD J. TRUMP, in his official capacity as President of the United States; U.S. DEPARTMENT OF HOMELAND SECURITY; MARKWAYNE MULLIN, in his official capacity as Secretary of Homeland Security; U.S. CUSTOMS AND BORDER PROTECTION; RODNEY S. SCOTT, in his official capacity as Commissioner of U.S. Customs and Border Protection; and the UNITED STATES OF AMERICA,<br><br>Defendants. | Court No. 26-03875 |

## COMPLAINT

Plaintiff La Ville Imports, Inc. ("Ville"), by and through counsel, and for its Complaint against Defendants, alleges as follows:

1. Plaintiff is a U.S. importer of record who imported merchandise and paid the duties challenged in this action.

2. As described in detail below, President Trump imposed the duties challenged in this action through a series of Executive Orders pursuant to the International Emergency Economic Powers Act, 50 U.S.C. § 1701 et seq. ("IEEPA") ("IEEPA duties").

3. On February 20, 2026, the United States Supreme Court struck down the IEEPA duties, holding that "IEEPA does not authorize the President to impose tariffs." *Learning Resources, Inc. v. Trump*, No. 24-1287, slip op. at 20 (U.S. Feb. 20, 2026) (affirming *V.O.S. Selections, Inc. v. Trump*, 149 F. 4th 1312 (Fed. Cir. 2025)). Both this Court and the U.S. Court

of Appeals for the Federal Circuit had ruled likewise. *See V.O.S. Selections, Inc. v. United States*, 772 F. Supp. 3d 1350 (Ct. Int'l Trade 2025), *aff'd sub nom*, *V.O.S. Selections, Inc. v. Trump*, 149 F.4th 1312 (Fed. Cir. 2025).

4. The Supreme Court also confirmed that challenges to the IEEPA tariffs fall "within the exclusive jurisdiction of" the Court of International Trade. *See Learning Resources, Inc.*, slip op. 24-1287 at 5. Thus, this Court has jurisdiction and authority to order remedial relief and refunds of unlawfully collected IEEPA duties paid by importers.

5. Ville brings this action asking the Court to rule, consistent with *Learning Resources, Inc.* that the IEEPA duties are not lawful and that Defendants must provide a full refund of the IEEPA duties Ville has paid, with interest.

**<u>JURISDICTION</u>**

6. This Court's jurisdiction arises under 28 U.S.C. § 1581(i) and 28 U.S.C. § 2631(i), and this action is filed within the time limits prescribed by 28 U.S.C. § 2636(i).

7. Plaintiff has standing to bring this action because, like the plaintiffs in *V.O.S. Selections, Inc.*, Ville is an importer of record of goods that are subject to IEEPA duties and Ville has paid those duties.

**<u>PARTIES</u>**

8. Ville is the importer of record who has paid IEEPA duties.

9. Ville is incorporated in the United States and has its headquarters located at 263 Park Ave, Garden City Park, NY, 11040, United States of America.

10. Defendant Donald J. Trump is the President of the United States and is sued in his official capacity.

11. Defendant U.S. Department of Homeland Security is an agency of the U.S.

federal government. Defendant Markwayne Mullin is the Secretary of the U.S. Department of Homeland Security and is sued in his official capacity.

12. Defendant U.S. Customs and Border Protection ("CBP") is a constituent agency within the U.S. Department of Homeland Security, headquartered in Washington, D.C. CBP is responsible for border security and collecting tariffs or duties and taxes on goods imported into the United States.

13. Defendant Rodney S. Scott is the Commissioner of CBP and is sued in his official capacity.

14. Defendant, United States, is the proper party for the decision taken by CBP, a constituent agency of the U.S. Department of Homeland Security and the party who received Plaintiff's payment of the disputed IEEPA duties.

## STANDING

15. Plaintiff is the real party in interest because Ville is the U.S. importer of record who paid the challenged IEEPA duties. Plaintiff has suffered economic injury as a consequence of having paid the unlawful IEEPA duties. Consequently, Plaintiff has standing. *V.O.S. Selections Inc.*, 772 F. Supp. 3d at 1369 (*citing Totes-Isotoner v. United States*, 594 F.3d 1346, 1351 (Fed. Cir. 2010)).

## TIMELINESS OF ACTION

16. Plaintiff commenced this action by filing a summons and complaint within two years of the unlawful action. Thus, Plaintiff's action is timely filed pursuant to 28 U.S.C. § 2636(i) and USCIT Rules 3(a)(3).

## **FACTUAL BACKGROUND**

17. In the discussion below, Ville follows the same naming convention as the *V.O.S. Selections* court, referring to the challenged duties as the "trafficking tariffs" and "worldwide and retaliatory tariffs" – the IEEPA duties. *V.O.S. Selections Inc.*, 772 F. Supp.3d at 1362-64.

*The Trafficking Tariffs*

18. On February 1, 2025, President Trump issued three executive orders imposing tariffs on imports from Canada, Mexico, and China. Each executive order was premised on IEEPA authorizing the tariffs, and for each set of tariffs President Trump claimed that they were justified under IEEPA because of a purported national emergency (the "Trafficking Tariffs").

19. As to Mexico, the President issued Executive Order 14194, 90 Fed. Reg. 9117, *Imposing Duties To Address the Situation at Our Southern Border* ("Mexico Tariff Order"),[1] imposed an additional 25%tariff on the import of goods from Mexico.

20. As to Canada, the President issued Executive Order 14193, 90 Fed. Reg. 9113, *Imposing Duties to Address the Flow of Illicit Drugs Across Our Northern Border* ("Canada Tariff Order"),[2] imposed a 25% tariff, with certain exceptions.

21. As to China, the President issued Executive Order 14195, 90 Fed. Reg. 9121, *Imposing Duties to Address the Synthetic Opioid Supply Chain in the People's Republic of China*

---

[1] Exec. Order No. 14194, *Imposing Duties To Address the Situation at Our Southern Border*, 90 Fed. Reg. 9117 (Feb. 7, 2025).

[2] Exec. Order No. 14193, *Imposing Duties To Address the Flow of Illicit Drugs Across Our Northern Border*, 90 Fed. Reg. 9113 (Feb. 7, 2025).

("China Tariff Order")[3] which initially imposed an additional 10% *ad valorem* tariff that was subsequently amended to 20%.[4]

*The Worldwide and Retaliatory Tariffs*

22. On April 2, 2025, President Trump issued Executive Order 14257, 90 Fed. Reg. 15041 (the "Worldwide and Retaliatory Tariffs"), *Regulating Imports with a Reciprocal Tariff to Rectify Trade Practices that Contribute to Large and Persistent Annual United States Goods Trade Deficits.*[5] The Worldwide and Retaliatory Tariff Order imposed a 10% baseline tariff on nearly all imports to the United States, effective April 5, and additional "reciprocal" tariffs on 57 countries, effective April 9. *Id*. at Annex I. These higher country-specific tariffs range from 11% to 50%. *Id*.

23. On April 8, 2025, the President responded to retaliatory tariffs from China by raising the reciprocal tariff rate 50 percentage points—from 34% to 84%. Exec. Order No. 14,259, 90 Fed. Reg. 15,509*, Amendment to Reciprocal Tariffs and Updated Duties as Applied to Low-Value Imports from the People's Republic of China*.[6]

24. The next day, the President suspended for 90 days the higher country-specific tariffs on all countries except for China, for which he raised the "reciprocal" tariff again—from

[3] Exec. Order No. 14195, *Imposing Duties To Address the Synthetic Opioid Supply Chain in the People's Republic of China*, 90 Fed. Reg. 9121 (Feb. 7, 2025).

[4] Exec. Order No. 14200, *Amendment to Duties Addressing the Synthetic Opioid Supply Chain in the People's Republic of China*, 90 Fed. Reg. 9277 (Feb. 11, 2025). The President further amended the China Tariff Order. Exec. Order No. 14228, *Further Amendment to Duties Addressing the Synthetic Opioid Supply Chain in the People's Republic of China*, 90 Fed. Reg. 11463 (Mar. 7, 2025).

[5] Exec. Order No. 14257, *Regulating Imports With a Reciprocal Tariff To Rectify Trade Practices That Contribute to Large and Persistent Annual United States Goods Trade Deficits*, 90 Fed. Reg. 15,041 (Apr. 7, 2025).

[6] Exec. Order No. 14259, *Amendment to Reciprocal Tariffs and Updated Duties As Applied to Low-Value Imports from the People's Republic of China*, 90 Fed. Reg. 15509 (Apr. 14, 2025).

84% to 125%. Exec. Order No. 14,266, 90 Fed. Reg. 15,625 (Apr. 9, 2025), *Modifying Reciprocal Tariff Rates to Reflect Trading Partner Retaliation and Alignment*.[7] Meanwhile, the 20% trafficking tariff on imports from China remained in place, such that most imports from China faced a minimum 145% IEEPA tariff.

25. The President has subsequently issued additional Executive Orders to those identified above amending the Trafficking and Worldwide and Retaliatory Tariffs. *See* Attachment 1 for a complete listing of the Executive Orders addressing the Trafficking and Worldwide and Retaliatory Tariffs.

26. In implementing his Executive-Order-based tariff regime, the Defendant directed changes to the Harmonized Tariff Schedule of the United States, requiring that goods subject to the challenged tariffs to be entered under new tariff codes.

27. On April 14, 2025, several companies filed an action in this Court challenging the legality of these tariff orders. *See V.O.S. Selections*, *et al. v. Donald J. Trump*, *et al.*, No. 25-cv-00066 (ECF No. 2). On April 23, 2025, a number of states filed a similar action. *See V.O.S. Selections*, *et al. v. Donald J. Trump*, *et al.*, No. 25-cv-00077 (ECF No. 2). As discussed below, this Court held the orders were unlawful and the Federal Circuit, sitting *en banc*, affirmed and the Supreme Court upheld those decisions.

28. CBP continued to collect the IEEPA tariffs while the litigation continued and only announced on February 22, 2026 that IEEPA duties imposed would stop being collected effective February 24, 2026. *See* Cargo Systems Messaging Service Message # 67834313,

[7] Exec. Order No. 14266, *Modifying Reciprocal Tariff Rates To Reflect Trading-Partner Retaliation and Alignment* (Apr. 9, 2025) 90 Fed. Reg. 15625 (Apr. 15, 2025).

*Ending Collection of International Emergency Economic Powers Act Duties* (Feb. 22, 2026).[8]

29. As the U.S. importer of record of merchandise that is subject to the unlawful IEEPA duties, Ville has paid the IEEPA duties.

30. In *AGS Co. Automotive Sol. v. U.S. Customs and Border Protection, et.al.*, No. 25-00255 (Ct. Int'l Trade Dec. 15, 2025), a three-judge panel of this Court confirmed the authority of this Court to reliquidate entries subject to the IEEPA duties. *Id.* In a related action, the government has represented that it "will not object to the Court reliquidating any of plaintiffs' entries subject to IEEPA duties that are found to be unlawful." *Princess Awesome, LLC v. U.S. Customs and Border Protection, et. al.*, No. 25-078, ECF No. 16 at 12 n.4 (Ct. Int'l Trade May 23, 2025).

31. On April 7, 2026, the Court lifted the stay in *Euro-Notions Florida, Inc. v. United States*, No. 25-00595, ECF No. 12 (Ct. Int'l Trade), and issued an order directing liquidation or reliquidation of all entries of merchandise without regard to IEEPA duties. There is no final and conclusive judgment in *AGS Co. Automotive Sol.* or *Euro-Notions Florida* requiring the liquidation or reliquidation of all entries of merchandise without regard to IEEPA Duties, and the government has not committed to following any methodology to provide the universal refund of IEEPA duties.

32. However, Defendant has represented that it does "not oppose the reliquidation of any entries of goods subject to IEEPA duties paid by plaintiffs that are ultimately found to be unlawful after appeal . . . ." *Learning Res., Inc. v. Trump*, No. 25-01248, ECF No. 41 at 13 (D.D.C. June 2, 2025); *see also id.*, ECF No. 42 (June 3, 2025) (granting stay pending appeal). In

[8] Available at https://content.govdelivery.com/bulletins/gd/USDHSCBP-40b11c9?wgt_ref=USDHSCBP_WIDGET_2.

addition, the Defendant has stated "refunds for {finally liquidated} imports must be handled through importer-specific orders requiring reqliquidation once CBP has completed programmatic changes for other categories of refunds the Court has directed it to prioritize." *V.O.S. Selections*, No. 25-00066, ECF No. 88 at 2 (Ct. Int'l Trade May 29, 2026).

## STATEMENT OF THE CLAIMS

### COUNT I
(The IEEPA Duties Are Unlawful)

33. Paragraphs 1 through 32 are adopted and incorporated by reference.

34. The Court of International Trade in *V.O.S. Selections, Inc. v. Donald J. Trump*, 772 F. Supp. 3d. 1350, 1383 (Ct. Int'l Trade 2025), *aff'd*, 149 F.4th 1312 (Fed. Cir. 2025), held that the President exceeded his authority under IEEPA when he imposed tariffs on imported goods.

35. The Federal Circuit affirmed this Court's decision, holding that Congress did not clearly delegate to the President the authority to impose the challenged IEEPA duties. 149 F.4th at 1337.

36. The Supreme Court affirmed those decisions holding that "IEEPA does not authorize the President to impose tariffs." *Learning Resources, Inc.*, slip op. at 20.

37. Ville's action challenges the same IEEPA duties based on the same facts and law as those struck down in *V.O.S. Selections*. For the reasons set forth by this Court in *V.O.S. Selections*, as affirmed by the Federal Circuit and the Supreme Court, the IEEPA duties exceed the President's statutory authority, are unlawful, and are without effect as applied to Plaintiff.

38. Ville respectfully requests that this Court follow the binding precedent of the Supreme Court and Federal Circuit, declare the IEEPA duties unlawful as to Plaintiff, enjoin CBP from enforcing them as to Plaintiff, and order CBP to refund all IEEPA duties collected from

Plaintiff, including for Plaintiff's entries, unliquidated and liquidated, with interest as provided by law.

**COUNT II**
(The IEEPA Duties Are Unconstitutional)

39. Paragraphs 1 through 38 are adopted and incorporated by reference.

40. In the alternative, if the Court were to construe IEEPA as authorizing tariffs, the IEEPA duties must nevertheless be held unlawful because IEEPA in that event would constitute an impermissible delegation of legislative power from Congress to the President.

41. The U.S. Constitution vests in Congress exclusively the power to "lay and collect … Duties." U.S. CONST. art. I, § 8, cl. 1.

42. Under separation-of-powers principles and binding precedent of the U.S. Supreme Court, Congress cannot delegate its power to the President unless, at the very least, it provides an intelligible principle that directs and meaningfully constrains the President's exercise of that power. IEEPA does not do that.

43. Ville therefore seeks a declaration that the IEEPA duties are unconstitutional as to Plaintiff, enjoin CBP from enforcing them as to Plaintiff, and order CBP to refund all IEEPA duties collected from Plaintiff, including for Plaintiff's entries, unliquidated and liquidated, with interest as provided by law.

**COUNT III**
(Declaratory Relief)

44. Plaintiff incorporates paragraphs 1-43 above by reference.

45. Federal courts have the power "to declare the rights and other legal relations of any interested party seeking such a declaration." 28 U.S.C. § 2201(a).

46. Ville claims present an actual controversy as to the President's authority under IEEPA, the constitutionality of IEEPA, and the authority of CBP to implement and collect the

resulting tariffs.

47. Ville is an importer of record and has suffered injury by having been required to pay IEEPA duties on goods it has imported into the United States.

48. Accordingly, this Court is bound by the Supreme Court's holding in *Learning Resources* that the IEEPA tariffs are invalid and, as a result of that decision, this Court should find Plaintiff is entitled to declaratory relief to that effect, which this Court may issue under 28 U.S.C. § 2201 and its own inherent equitable authority.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court:

(1) Enter judgment in its favor; and declare that the President lacks authority under IEEPA to set tariffs; declare that the IEEPA tariffs are unlawful and void as applied to Plaintiff; declare that CBP lacks authority to implement and collect any tariffs based on the IEEPA tariffs; enjoin CBP from imposing and enforcing any tariffs based on the IEEPA tariffs; order the Defendants to refund all the IEEPA duties Plaintiff has paid, including for Plaintiff's entries, unliquidated and liquidated, with interest; and

(2) Award costs, attorneys' fees and other such relief as this Court deems just and proper.

Respectfully submitted,

/s/ Frank Morgan
Emily Lawson
Frank Morgan
APPLETON LUFF
1700 Seventh Avenue
Suite 2100
Seattle, WA 98101
(206) 357-8522
lawson@appletonluff.com
****
1025 Connecticut Avenue, NW, Suite 1000
Washington, DC 20036
(703) 627-4276
morgan@appletonluff.com

/s/ William Shayne
William Shayne
SHAYNE LAW GROUP, P.C.
262 West 38th St., Suite 1705
New York, NY 10018
(212) 566-4949
wshayne@shaynelawgroup.com

Dated: September 4, 2026

*Counsel to* La Ville Imports, Inc.